**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | |
|---|---|
| **HERMAN WOODS** | **CIVIL ACTION NO. 25-553-P** |
| **VERSUS** | **CHIEF JUDGE DOUGHTY** |
| **WARDEN** | **MAGISTRATE JUDGE HORNSBY** |

**MEMORANDUM ORDER**

Before the court is a petition for writ of <u>habeas</u> <u>corpus</u> filed by <u>pro</u> <u>se</u> petitioner Herman Woods, pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on April 21, 2025. Petitioner is incarcerated in the Union Parish Detention Center in Farmerville, Louisiana. He challenges his state court conviction(s) and sentence(s). He names the Warden as respondent.

The court cannot determine the conviction(s) and sentence(s) Petitioner is challenging. It appears that on February 2, 2023, Petitioner pleaded guilty to second degree battery in the Louisiana First Judicial District Court, Parish of Caddo, and was sentenced to five years incarceration. He also appears to challenge a gun charge in 1989 and/or 2018. The gun charge may have been dismissed on February 2, 2023.

The court cannot determine the precise grounds Petitioner is raising in support of his application. It appears he is raising the following grounds in support of his petition: (1) he received ineffective assistance of counsel because his counsel withdrew his not guilty plea and entered a plea of guilty; (2) a motion to quash the Bill of Information was not filed or was denied; (3) he is not guilty; (4) he should be transferred for medical reasons; (5) he

has not received credit for time served; and (6) his rights were not explained to him on tape.

Furthermore, Petitioner must demonstrate that he has exhausted state court remedies with respect to the claims he raises in this petition. In order to satisfy the exhaustion requirement, the claim must be presented to the state's highest court, even when review by that court is discretionary. Magouirk v. Phillips, 144 F.3d 348 (5th Cir. 1998); O'Sullivan v. Boerckel, 526 U.S. 838, 119 S.Ct. 1728, 1732-33 (1999). In Louisiana, the highest court is the Supreme Court of Louisiana. Petitioner fails to demonstrate that he presented the claims he attempts to present herein in the proper state courts. Therefore, Petitioner should be required to submit documentary proof that he has exhausted state court remedies on the claims he attempts to present herein.

It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983). This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438, 443 (1971); Shute v. Texas, 117 F.3d 233 (5th Cir. 1997). Additionally, under 28 U.S.C. §2254(b)(1)(A)[1] the district court is precluded from granting habeas relief on an unexhausted claim.

---

[1]§2254 provides, in pertinent part:

In addition, Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of <u>habeas</u> <u>corpus</u> by persons in custody pursuant to the judgment of a state court.  This limitation period generally runs from the date that the conviction becomes final.  28 U.S.C. §2244(d)(1)(A).

From the information provided in the petition, the court is unable to determine if it is timely.

Accordingly,

**IT IS ORDERED** that Petitioner submit within thirty (30) days from the date of this order, the conviction(s) and sentence(s) he is challenging and the grounds he raises in support of his application for writ of <u>habeas</u> <u>corpus</u>.

**IT IS FURTHER ORDERED** that Petitioner submit within thirty (30) days from the date of this order, a copy of the legal memorandum he filed at each level of the state courts and the date that it was filed and the responses he received from each state court in order to demonstrate that he has presented the issues he attempted to raise herein to the Supreme Court of Louisiana.

**IT IS FURTHER ORDERED** that Petitioner submit to the Clerk of Court within (30) days after service of this order, a response hereto setting forth allegations which demonstrate that his petition is timely under the provisions of 28 U.S.C. §2244(d)(1).  This

---

(b)(1) An application for a writ of <u>habeas</u> <u>corpus</u> on behalf of a person in custody pursuant to the judgment of a State court **shall not be granted unless** it appears that--
(A) **the applicant has exhausted the remedies available in the courts of the State;**

response shall include the date he was convicted and sentenced.  This response shall include whether he filed a direct appeal of his conviction and sentence, and if so, the dates on which it was filed and the dates on which the state courts responded.  This response shall also include the dates on which each motion and post-conviction relief application was filed in each of the state courts and the dates on which the state courts responded to each.

**Failure to comply with this order or failure to keep the court apprised of an address change will result in dismissal of this petition pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.3W of the Uniform Local Rules for the District Courts of Louisiana.**

**THUS DONE AND SIGNED** in Chambers at Shreveport, Louisiana, this 14th day of July 2025.

Mark L. Hornsby
U.S. Magistrate Judge